**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

        v.

GIOVANNI COTTO,

        Defendant.
_____

14-CR-133-A
**DECISION AND ORDER**

This case is before the Court on Defendant Giovanni Cotto's motion (Docket No. 143) for (1) an order directing the Government to disclose the identities of its confidential sources, and (2) an order directing the Government to immediately disclose its *Brady* and *Giglio* material for those sources. The Court assumes familiarity with the facts relevant to Cotto's motion. *See* Docket No. 1 ¶¶ 3-15. For the reasons stated below, Cotto's motion is granted in part and denied in part.

## DISCUSSION

The Government has a qualified privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). There is "no fixed rule with respect to [when] disclosure" is appropriate, but "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant or helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-62. A defendant "is generally able to establish a right to disclosure where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988) (quotation marks

1

omitted).  This might be the case, for instance, where the informant "was present during all the significant events."  *Id.*  But presence alone "is not sufficient" to order disclosure.  *Id.*  Instead, disclosure is typically appropriate only when the informant's testimony is also "material to the defense."  *Id.*

Based on the Court's current understanding of the facts in this case, the testimony of CS-1, CS-2, and CS-3 appears to be "material to [Cotto's] defense."  *Id.*  At trial, the Government must prove, among other things, that Cotto "acted with the intent to retaliate against A.M. for the testimony given in an official proceeding."  Adapted from Sand's *Modern Federal Jury Instructions*, Instruction 46-77 (2014).[1]  At present, it is unclear how the Government will be able to prove this element of the charged crime *without* the testimony of at least one of the Government's three confidential sources.  Specifically, the complaint suggests that the Government will need to offer testimony from at least one of its confidential sources to establish that Cotto knew of A.M.'s testimony.  *See, e.g.*, Docket No. 1 (Complaint) ¶ 9 ("CS-1 then stated that Cotto walked over to the wall and called over to the trial witness, by the trial witness's name, through the connecting walls of cellblocks B-1 and B-2.  Cotto asked the trial witness if he had court today and the trial witness responded yes.  Cotto had a brief conversation with the trial witness and then returned to where CS-1 and Ramos were located."); ¶ 12 (codefendant Escalera's interaction with CS-2 regarding A.M.'s testimony); ¶ 13 ("CS-3 stated that Escalera asked CS-3 and another inmate, identified here as JB, to get a

---

[1]  Cotto is also charged with aiding and abetting a violation of 18 U.S.C. § 1513(b)(1).  This alternate theory of liability does not change the intent the Government must prove to obtain a conviction.  *See Rosemand v. United States*, 134 S. Ct. 1240, 1248 (2014) ("[A] person aids and abets a crime when," among other things, "he intends to facilitate that offense's commission.  An intent to advance some different or lesser offense is not, or at least not usually, sufficient: Instead, the intent must go to the specific and entire crime charged.")

message to Giovanni Cotto a/k/a/ Monte regarding the trial witness providing testimony against an associate of Escalera in federal Court.") Put differently, discrediting CS-1, CS-2, and/or CS-3 will not only be "material to [Cotto's] defense" at trial, *Saa*, 859 F.2d at 1073, but it appears to be the cornerstone of his entire defense.

In response, the Government notes that Magistrate Judge Scott has ordered the Government to identify the inmates seen in two video recordings. *See* Docket No. 134 at 7-9. But even if the Government's confidential sources are among the inmates identified in those videos, Cotto still has no way of knowing whether that is the case. In other words, even with the Government's disclosure, Cotto does not know which witnesses the Government might use to prove a central part of its case. Thus, based on the Court's current understanding of the facts, Cotto is entitled to the identities and criminal records of CS-1, CS-2, and CS-3. *See United States v. Jackson*, 345 F.3d 59, 70 (2d Cir. 2003). The Government shall provide this information to Cotto on or before January 25, 2017.

In its opposition to Cotto's motion, the Government has also raised very legitimate concerns about the safety of the Government's confidential sources. The Government has therefore easily shown "good cause" for a protective order. Fed. R. Crim. P. 16(d)(1). Thus, on or before January 16, 2017, the parties shall submit a proposed protective order governing defense counsel's receipt and use of the information described above. (If the parties cannot agree on a proposed protective order, the parties shall file separate proposed protective orders.)

Finally, Cotto has moved for early disclosure of *Brady* material concerning CS-1, CS-2, and CS-3.[2]  "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *In re United States (United States v. Coppa)*, 267 F.3d 132, 146 (2d Cir. 2001).  "The timing of the Government's disclosure obligations under *Brady* is, instead, governed by a less rigid rule: the Government satisfies its *Brady* obligations when it provides *Brady* material 'in time for its effective use.'"  *United States v. Nance*, 168 F. Supp. 3d 541, 550 (W.D.N.Y. 2016) (quoting *Coppa*, 267 F.3d at 144).  Given that trial is nearly four months away, it does not appear that early disclosure of *Brady* material related to the Government's confidential sources is necessary.  However, given that the Government's case appears to turn heavily on the testimony of its confidential sources, it *may* be appropriate to disclose *Brady* information earlier than the Government ordinarily would.  Cotto may therefore renew his motion for early disclosure of *Brady* material closer to trial.

**SO ORDERED.**

Dated: December 22, 2016                   ___*s/Richard J. Arcara*___
    Buffalo, New York                      HONORABLE RICHARD J. ARCARA
                                                        UNITED STATES DISTRICT JUDGE

---

[2]  The Court uses the term "*Brady* material" to refer to both exculpatory material that must be disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and impeachment material that must be disclosed pursuant to *Giglio v. United States*, 405 U.S. 150 (1972).  *See Jackson*, 345 F.3d at 69 n.5 ("*Giglio* and *Brady* are closely intertwined and differ chiefly as to the general purpose of the evidence favorable to the accused (exculpatory or impeachment)."  To the extent the Government has already disclosed any exculpatory *Brady* material, Cotto's motion is partly moot.

4